IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SHEILA POWELL<br>      Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | CASE NO. |
| AMERICAN AIRLINES<br>      Defendant. | §<br>§<br>§ | JURY TRIAL DEMANDED |

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Sheila Powell (hereinafter "Plaintiff"), files this lawsuit accusing American Airlines (hereinafter "Defendant") of violating the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12101 *et seq.*, the Family and Medical Leave Act ("FMLA") 29 U.S.C. §§2601 *et seq.*, and the Age Discrimination in Employment Act 29 U.S.C. § 623, for cause of action and would show the Court as follows:

## INTRODUCTION

1. Plaintiff demands a jury trial in this case as to any and all issues triable by a jury.

2. Plaintiff files this Complaint and complains about violations of the ADA, ADEA, and FMLA.

## PARTIES

3. Plaintiff, Sheila Powell, is an individual residing of Savannah, Texas.

4. American Airlines is a corporation authorized to do business in the State of Texas and may be served by mail or in person on its registered agent Corporation Service Company D/B/A CSC-LAWYERS INCORPORATED, 211 E. 7th Street Suite 620, Austin, Texas 78701.

1

## VENUE

5. Venue is appropriate in the United States District Court for the Eastern District of Texas, Sherman Division, pursuant to 28 U.S.C. § 1391(b).

## JURISDICTION

6. This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) under the ADEA, ADA, and FMLA.

7. The unlawful employment practices were committed within the jurisdiction of this Court.

## PROCEDURAL REQUISITES

8. All conditions precedent to the filing of this action have been met by Plaintiff in that she has timely filed a complaint within the Statute of Limitation as required under the Age Discrimination in Employment Act, Americans with Disabilities Act, and the Family Medical Leave Act.

9. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and has exhausted all other administrative remedies from said agency to pursue her claims.

10. On September 21, 2022, the EEOC issued a Determination and Notice of Rights authorizing Plaintiff to file a private action for her claims.

## FACTS

Upon information and belief, Plaintiff alleges as follows:

11. Plaintiff identifies as a woman over the age of 40.

12. Plaintiff is disabled within the meaning of the Americans with Disabilities Act, having been diagnosed with multiple sclerosis.

13. Plaintiff began her employment with Defendant on or around September 30, 2013.

14. Plaintiff was hired as a Home Based Representative and remained in this position throughout the duration of her employment.

15. Plaintiff was diagnosed with Multiple Sclerosis prior to her employment with American Airlines.

16. Plaintiff began requesting a reasonable accommodation for a modified work schedule-no mandatory overtime, after two years of employment with Defendant.

17. From approximately 2015 to 2021, Plaintiff had been accommodated from having to work the mandatory overtime.

18. On or around March 27, 2021, Defendant granted Plaintiff's request for a no mandatory overtime accommodation that would be in effect until March 29, 2022.

19. On or about September 7, 2021, Defendant unreasonably withdrew Plaintiff's accommodation despite it already being granted and in effect until March 29, 2022.

20. Defendant offered Plaintiff other accommodations, but none of which were reasonable to accommodate Plaintiff's disability to do her job.

21. Furthermore, Defendant withdrew other individuals' reasonable accommodation for no mandatory overtime and did not provide them with any reasonable accommodation based on their disability.

22. Plaintiff inquired about FMLA and was told she was ineligible for FMLA leave.

23. By responding as alleged in paragraph 22, Defendant discouraged Plaintiff from taking her leave and exercising her rights under the FMLA.

24. Defendant deprived Plaintiff of the ability to request intermittent FMLA leave.

25. Defendant did not provide Plaintiff a certification indicating whether or not Plaintiff was a qualified employee for purposes of the FMLA.

26. Defendant was required to provide Plaintiff with the certification described in paragraph 26 pursuant to 29 C.F.R. § 325.300.

27. Defendant failed to provide Plaintiff with timely notice of her eligibility under the FMLA.

28. Defendant intentionally, through constructive discharge, interfered with Plaintiff's reasonable accommodation and FMLA rights to force Plaintiff to quit and hire younger individuals, individuals without disabilities, and individuals who would have no rights under the FMLA.

## COUNT I: WITHDRAWAL OF ACCOMMODATION IN VIOLATION OF THE ADA

29. Plaintiff re-alleges and incorporates into count one, paragraphs 1-28.

30. Defendants, by and through their agents and employees, intentionally engaged in the aforementioned practices, policies, customs, and usages made unlawful by the ADA, as amended, and directly discriminated against Plaintiff because of her disability, by harassing her and firing her due to disability.

31. Defendants, by and through their agents, have maintained a policy of disability discrimination in violation of the foregoing statute against Plaintiff.

32. If Plaintiff did not have a disability requiring specific accommodations, she would not have been harassed, treated poorly, and unlawfully discharged.

## COUNT II: FMLA INTERFERENCE

33. Plaintiff re-alleges and incorporates into count two, paragraphs 1-32.

34. Defendant was, at all times relevant to this Complaint, engaged in commerce or in an industry or activity affecting commerce and employed fifty or more employees for each

working day during each of twenty of more calendar work weeks in the current or preceding calendar year.

35. Defendant is an employer as defined in 29 U.S.C. § 2611(4).

36. At all times relevant herein, Plaintiff was employed by Defendant for at least twelve months and had at least one thousand two hundred fifty (1,250) hours of service with Defendant in the 12 months immediately preceding her need for leave.

37. Defendant's actions prevented Plaintiff from exercising her rights under the FMLA.

38. Defendant has interfered with Plaintiff's exercise of rights provided by the FMLA in violation of 29 U.S.C. § 2615(a)(1).

39. As a result of Defendant's conduct, Plaintiff has suffered damages, including, but not limited to, economic losses in the form of lost salary, employment benefits, and other compensation and loss of employment benefits.

40. As a further result of the actions of Defendants, Plaintiff has incurred, and will continue to incur, attorneys' fees and costs in pursuing this action.

## COUNT III: AGE DISCRIMINATION

41. Plaintiff re-alleges and incorporates into count three, paragraphs 1-40.

42. Defendant, by and through its agents and employees, intentionally engaged in the aforementioned practices, policies, customs, and usages made unlawful by the ADEA, as amended.

43. Defendant, by and through its agents has maintained a policy of age discrimination, and constructively discharged Plaintiff in violation of the foregoing statute.

44. If Plaintiff was not over the age of 40, she would not have been discriminated against and constructively discharged.

## DAMAGES

45. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered loss of wages both in the past, present, and future; compensatory damages, including but not limited to emotional distress; liquidated damages; interest; and such other equitable relief as may be awarded by the Court.

## PUNITIVE DAMAGES

46. Defendant's actions were intentional, willful, harsh, oppressive and malicious, and as a further and proximate cause, Plaintiff has suffered severe financial damages. The wrongs done by the Defendant were aggravated by the kind of willfulness, wantonness and malice for which the law allows the imposition of punitive damages. Plaintiff, therefore, seeks punitive damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

## LIQUIDATED DAMAGES

47. Defendant's actions were intentional, willful, harsh, oppressive and malicious, and as a further and proximate cause, Plaintiff has suffered severe financial damages. The wrongs done by the Defendant were aggravated by the kind of willfulness, wantonness and malice for which the law allows the imposition of liquidated damages. Plaintiff, therefore, seeks liquidated damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

## ATTORNEY'S FEES

48. Defendant's actions and conduct, as described herein, and the resulting damage and loss to Plaintiff has necessitated Plaintiff retaining the services of Rollins Law, PLLC, in order to initiate this proceeding. Plaintiff seeks recovery of reasonable and necessary attorney's fees.

## JURY DEMAND

49. Plaintiff hereby re-states her request for a jury trial.

## INJUNCTIVE RELIEF

50. Plaintiff seeks injunctive relief requiring Defendant to take affirmative and effective steps to remove and otherwise discipline manages who have failed to comply with the ADEA and who violate Federal statutory protection against discrimination.

51. Plaintiff seeks injunctive relief requiring Defendant to take specific actions designed, implemented, and confirmed by qualified non-government consultants to ensure that all supervisory employees are adequately trained to identify, investigate, and stop situations and complaints.

52. Plaintiff seeks injunctive relief requiring Defendant to take specific actions designed, implemented, and confirmed by qualified non-government consultants to ensure that any employment agreements between it and its employees and union adequately and specifically address the needs of those with disabilities to enable them to do the essential functions of their job.

## PRAYER

53. **WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that Defendant be cited to appear and answer, and that on final hearing of this cause, Plaintiff has the following relief:

a. Back Pay;

b. Pre-Judgment Interest on Back Pay;

c. Front Pay;

d. Compensatory Damages, including, but not limited to, damages for diminished salary expectations and emotional distress;

e. Punitive Damages;

f. Liquidated Damages;

g. Injunctive and Affirmative Relief;

h. Attorney's Fees and Costs;

i. Such other and further relief, at law or in equity, general or special, to which Plaintiff may show she is justly entitled.

Dated: December 16, 2022                    Respectfully submitted,

**ROLLINS LAW, PLLC**
*/s/Stephen Rollins*
Stephen Rollins
Texas Bar No. 24123112
E-mail: rollinslawfirm@gmail.com
Rollins Law, PLLC
P.O. Box 30052
Houston, Texas 77249
Telephone: 832-303-9187
**ATTORNEY FOR PLAINTIFF**